**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-151 |
| TROY HOARD | SECTION "K" |

## ORDER AND OPINION

Before the Court is defendant Troy Hoard's petition under 28 U.S.C § 2255 to vacate, set aside, or correct his federal sentence. Having reviewed the pleadings, memoranda, and relevant law, it is clear that the movant is not entitled to relief and that an evidentiary hearing is not necessary. Accordingly, the motion is DENIED.

**I.    BACKGROUND**

In 2009, a federal grand jury indicted Troy Hoard for violations of the Federal Gun Control Act. At the time, Hoard was in state custody for an unrelated crime. Hoard pleaded guilty to the federal charge, and this Court sentenced him to a 37-month term of imprisonment. Following his federal sentencing, Hoard returned to state custody and is currently serving the remainder of his state sentence.

Hoard has previously asked the Court to order that his federal sentence run concurrent, rather than consecutive, to the state sentence he is presently serving. The Court declined to do so, citing Hoard's "extensive criminal history, including being an accessory after the fact to murder and drug trafficking." Doc. 22 at 1-2. In his instant § 2255 motion, Hoard resubmits his request for concurrent sentences, this time couched as an ineffective assistance of counsel claim. Under "Ground one: Denial of Effective Assistance of Counsel," Hoard writes:

Counsel wasn't exactly ineffective, counsel just neglected to ask the courts to run

[the] federal sentence with [the] state sentence knowing Defendant was already doing state time. The only thing Defendant is trying to accomplish is getting jail credit from [the] date of indictment to the present applied to [the] federal sentence.

Doc. 23 at 5.

## II. LAW AND ANALYSIS

### A. *Prior Custody Credits*

To the extent Hoard is simply asking for credit toward his federal sentence, the Court is powerless to grant that request. Issues regarding prior custody credit are governed by 18 U.S.C. § 3585. Under §3585(b), a prisoner may receive credit against his federal prison term for any time spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). However, only the Attorney General, through the Bureau of Prisons (BOP), may compute a prisoner's credits. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (citing *United States v. Wilson*, 503 U.S. 329, 334–35, 112 S.Ct. 1351 (1992)). Until the BOP makes a final determination with respect to the prisoner's credits, there is no case or controversy ripe for judicial review. *Id*. In any event, by denying Hoard's previous motion, the Court made clear its intention that his sentences run consecutively, rather than concurrently.

### B. *Ineffective Assistance of Counsel*

To the extent Hoard contends that his counsel rendered ineffective assistance by failing to request concurrent sentences, multiple grounds exist for dismissing that claim as well. First, pursuant to the plea agreement, Hoard waived his right to bring any § 2255 petition except one in which he claims that ineffective assistance directly affected the validity of his waiver or the guilty plea itself. In other words, Hoard is entitled to post-conviction relief only if he shows that, due to his counsel's deficient performance, he did not knowingly and voluntarily waive his rights

and plead guilty. *See United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000); *United States v. White*, 308 F.3d 336, 341 (5th Cir. 2002). Because Hoard makes no such argument, the plea agreement's waiver provision bars his ineffective assistance claim.

Second, even if Hoard had not waived his right to bring the claim, his ineffective assistance of counsel argument would fail under the *Strickland* test. To prevail on an ineffective assistance claim, a defendant must establish (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The first prong requires a defendant to prove that his counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. The second prong requires a defendant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Under *Strickland*, if a defendant makes an insufficient showing as to either prong of the test, the Court may dispose of his claim without reaching the other prong. *Id.* at 697

Assuming, *arguendo*, that Hoard could overcome the "strong presumption" that his counsel's performance was reasonable, *Moore v. Johnson*, 194 F.3d 586, 591 (5th Cir. 1999), he would still fall short of satisfying the second prong of the *Strickland* test. To establish prejudice, Hoard would need to show a reasonable probability that, had his counsel requested concurrent sentences, the Court would have granted that request and not ordered that the sentences run consecutively. However, the transcript from Hoard's sentencing indicates the opposite is true. While the Court contemplated departing upward from the sentencing guidelines, it based its decision to impose a sentence within the advisory range, in part, on the presumption that Hoard's sentences would run consecutively. Doc. 30 at 4, 9. Specifically, the Court noted: "I am not

going to upwardly depart based on . . . the fact that he's serving another sentence and the ultimate time of incarceration is going to be substantial." *Id*. at 9. This statement strongly suggests the Court would have denied counsel's request for concurrent sentences. And the fact that the Court later denied Hoard's request only serves to confirm that notion. Accordingly, Hoard cannot establish that his counsel's performance prejudiced him in any way.

### III.  CONCLUSION

For the foregoing reasons, petitioner's motion is DENIED.

New Orleans, Louisiana, this 28th day of March, 2012

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE